# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ANCHOR BLUE RETAIL GROUP, INC., et al., | Case No. 09-11770 (PJW) |
| | Jointly Administered |
| Debtors. | RE: Docket No. 126 |

## ORDER PROVIDING THAT THE CREDITORS' COMMITTEE IS NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION OF THE DEBTORS OR TO PRIVILEGED INFORMATION

Upon the motion (the "Motion") of the Creditor's Committee in the above-captioned case, for entry of an order pursuant to Sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), providing that any committee of creditors appointed under Section 1102(a) of the Bankruptcy Code in these cases (the "Creditors' Committee") is not authorized or required, pursuant to Section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to the Debtors' confidential, privileged or otherwise non-public proprietary information to the creditors it represents; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue of these proceedings and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and

no other or further notice need be given; upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. That notwithstanding any construction of Section 1102(b)(3)(A) of the Bankruptcy Code to the contrary, the Creditors' Committee and its individual members and their respective representatives, advisors, and counsel shall not be authorized or required, without an order of this Court or consent of the Debtors, to disseminate any (a) Confidential Information, Privileged Information, proprietary information, or non-public information (including information provided to the Creditors' Committee under any Confidentiality Agreement) concerning the Debtors, including (without limitation) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of the continuance of such businesses, or any other matter relevant to these cases or to the formulation of a chapter 11 plan, whether provided by or on behalf of the Debtors or by any third party, or (b) any other information if the effect of such disclosure would constitute a general waiver of the attorney-client, work-product, or other privilege, to anyone other than the Creditors' Committee and its members, counsel, and advisors.

3. None of the Creditors' Committee members or its counsel, any of their respective agents or advisors ("Committee Parties"), shall have or incur any liability to any entity (including the Debtors and their affiliates) for acts taken or omitted to be taken as long as the Committee Parties have acted in compliance with the Procedures, any Confidentiality Agreement, or any other provisions of this Order, provided, however, that the foregoing shall not preclude or

abridge the right of any creditor to move before the Court for an order requiring the production of other or further information, to the extent available.

4. Nothing in this Order shall diminish the qualified immunity under applicable law of any Committee Party.

5. Nothing in this Order requires the Creditors' Committee to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Creditors' Committee that it holds claims of the kind described in Section 1102(b)(3) of the Bankruptcy Code.

6. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Creditors' Committee to provide access, or not to provide access, of any information of the Debtors or the Creditor's Committee to any party except as explicitly provided herein.

7. Within five days of the entry of this Order, the Creditor's Committee shall cause the Order to be served on counsel for the Debtors, counsel for the Lenders, the office of the United States Trustee, all of the Debtors' creditors, as well as all parties requesting notice pursuant to Fed. R. Bankr. P. 2002.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 30, 2009

PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE