IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| HUB HOLDING CORP, ET AL.[1] | ) | BANKRUPTCY NO. 09-11770 (PJW) |
| | ) | |
| DEBTOR | ) | |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MARCH 13, 2010**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases hereby submits this *Application for the Entry of an Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 13, 2010* (the "Application"). In support of this Application, the Committee relies on the affidavit of Bradford J. Sandler (the "Sandler Affidavit") filed herewith. In support of the Application, the Committee respectfully represents as follows:

### Jurisdiction, Venue & Governing Law

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Hub Holding Corp. (4718); Hub Distributing, Inc. (0682), Hub Designs, Inc. (6076), Ontario Purchasing Corp. (6120) and MOST Purchasing Corp. (6052). The Debtors' corporate offices are located at 2501 E. Guasti Road, Ontario, CA 91761.

2. The statutory bases for the relief requested herein are 11 U.S.C §§ 1102, 1103, 328 and 504 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background & Corresponding Relief Sought

3. On July 15, 2010, the Court permitted the Cmmittee to retain Benesch, Friedlander, Coplan & Aronoff ("Benesch") as counsel in the captioned matter. Benesch will no longer be acting in this capacity. By way of this Application, the Committee requests that PSZ&J be permitted to take its place.

### Retention of PSZ&J

4. The Committee seeks Court approval to retain PSZ&J, at the expense of the Debtors' estates, to provide the legal services that will be required to represent the Committee in these chapter 11 cases. The Committee desires to retain PSZ&J for its expertise in the areas of insolvency and business reorganization. PSZ&J has served as bankruptcy counsel to official creditors committees in a great number of chapter 11 cases and to a wide range of debtors in many different industries. PSZ&J has also represented individual creditors, special interest committees, asset purchasers, and investors in both in and out of court restructurings.

5. The Committee seeks to retain PSZ&J *nunc pro tunc* to March 13, 2010 because PSZ&J began providing service to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in this case because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of the case.

## Professional Compensation

6.  Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.

7.  The principal attorneys and paralegals presently designated to represent the Creditors and their current standard hourly rates, as of the date of this Application, are:

    a.    Bradford J. Sandler    $650.00

    b.    Mark M. Billion    $395.00

    c.    Karina Yee    $225.00

8.  The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Creditors in connection with the matters described herein.

9.  The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZ&J's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and

transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Creditors for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

### Services To Be Provided

10. Subject to further order of this Bankruptcy Court, PSZ&J is expected to render the following services to the Committee:

   a. to provide legal advice and assistance to the Committee in its consultation with the Debtors relative to the Debtors' administration of their reorganization;

   b. review and analyze all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtors or third parties, advise the Committee as to their propriety, and, after consultation with the Committee, take appropriate action;

   c. to prepare necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Committee;

   d. represent the Committee at hearings held before the Court and communicate with the Committee regarding the issues raised, as well as the decisions of the Court;

   e. to perform all other legal services for the Committee which may be necessary and proper in this proceeding;

### No Adverse Interest
### and Disclosure of Connections

11. The affidavit of Bradford J. Sandler (the "Sandler Affidavit"), a Partner of PSZ&J's Wilmington, Delaware office, filed contemporaneously with this Application, verifies that neither PSZ&J nor any of its attorneys have any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Sandler Affidavit.

12. Except as provided in the Sandler Affidavit, to the best of the Committee's knowledge, neither PSZ&J, nor any of its attorneys, hold or represent any interest adverse to the Committee or the estate in the matters on which they are to be retained. The Committee believes that PSZ&J is a "disinterested person," as defined is section 101(14) of the Bankruptcy Code. The Committee submits that its proposed employment of PSZ&J is in the best interests of the Committee and its members.

13. To the best of the Committee's knowledge, and except as disclosed in the Sandler Affidavit and below, PSZ&J has had no other prior connection with the Debtors, their creditors or any other party in interest. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtors' estates or the Committee or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

14. PSZ&J represents many committees in other bankruptcy cases, the members of which (together with other creditors of those cases) may be creditors of the Debtors. However, PSZ&J will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors. Similarly, PSZ&J may represent, or may have represented in the past, debtors, committees or trustees in adversary proceedings in actions against creditors of the Debtors.

### Notice

15. Notice of this Application has been provided to (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the agent for the Debtors' postpetition secured lenders; (iv) counsel to the agents for the Debtors' prepetition secured lenders; (v) counsel to the Debtors'

controlling shareholder; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002. Under the circumstances, the Committee submits that no further notice need be given.

## No Prior Request

16. No previous application for the relief sought herein has been made to this Court or any other court.

**WHEREFORE,** the Applicant requests entry of an Order, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local rule 2014-1 authorizing the Committee to employ and retain PSZ&J as its counsel, *nunc pro tunc* to March 13, 2010, and granting such other and further relief as is just and proper.

Dated: March 19, 2010
/s/ Jonathan Tizabi
For: The Official Committee of Unsecured Creditors