# Exhibit 1

# LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (the "Liquidating Trust Agreement") is made this ___ day of February, 2011 by and among Hub Holding Corp., Hub Distributing, Inc., Hub Designs, Inc., Ontario Purchasing Corp. and MOST Purchasing Corp. (each a "Debtor" and, collectively, the "Debtors"), and KDW Restructuring & Liquidation Services LLC, as trustee (the "Liquidating Trustee") and executed in connection with the *First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated January 6, 2011 (as the same has been or may be amended, the "Plan")[1] filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

## RECITALS

WHEREAS, on May 27, 2009 (the "Petition Date"), each of the Debtors filed a petition with the Bankruptcy Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"); and

WHEREAS, since the Petition Date, the Debtors have successfully consummated the sales of their Levi's® and Dockers® outlet division and Anchor Blue division to going-concern purchasers (together, the "Going Concern Sales"); and

WHEREAS, in conjunction with the sale of their operating divisions, the Debtors have also (either on their own or with the assistance of a court-approved liquidation firm) conducted store closing sales at approximately sixty (60) of their retail locations that were in operation as of the Petition Date (collectively, the "GOB Sales"); and

WHEREAS, as a result of the Going Concern Sales and the GOB Sales, the Debtors no longer have any ongoing retail business operations; and

WHEREAS, on January 11, 2011, the Debtors and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Creditors' Committee") jointly filed their Plan (Docket No. 1351);

WHEREAS, on February _____, 2011, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order") (Docket No. ___); and

WHEREAS, the Effective Date (see Docket No. ___) of the Plan occurred on _____, 2011; and

WHEREAS, the Plan contemplates, on the Effective Date, (a) the creation of a Liquidating Trust (the "Liquidating Trust") and the creation of the beneficial interests in the Liquidating Trust solely for the benefit of holders of Claims (collectively, the "Beneficiaries" and, each individually, a "Beneficiary"), and (b) the Liquidating Trust will be vested with the Liquidating Trust Fund, including Cash and all of the assets remaining in the Estates on the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Plan.

Effective Date, including, without limitation, the right to prosecute, settle, withdraw or resolve the Causes of Action in any manner approved by the Bankruptcy Court (the "Liquidating Trust Assets") to be liquidated and distributed to the Beneficiaries, as set forth in the Plan; and

WHEREAS, the Plan contemplates that, pursuant to Treasury Regulation Section 301.7701-4(d), the Liquidating Trust shall be created for the purpose of: (a) administering the Liquidating Trust Assets; (b) resolving all Disputed Claims; (c) pursuing the Causes of Action, and (d) making all Distributions to the Beneficiaries provided for under the Plan, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the liquidating purpose of the Liquidating Trust and the Plan; and

WHEREAS, the Liquidating Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes, pursuant to Sections 671-677 of the Internal Revenue Code of 1986, as amended (the "IRC"), with the Beneficiaries to be treated as the grantors of the Liquidating Trust and deemed to be the owners of the Liquidating Trust Assets (subject to the rights of creditors of the Liquidating Trust), and consequently, the transfer of the Liquidating Trust Assets to the Liquidating Trust shall be treated as a deemed transfer of those assets from the Debtors and the Estates to the Beneficiaries followed by a deemed transfer by such Beneficiaries to the Liquidating Trust for federal income tax purposes.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

**1.1    Creation and Purpose of the Liquidating Trust.**    The Debtors and the Liquidating Trustee hereby create the Liquidating Trust for the primary purpose of liquidating and distributing the Liquidating Trust Assets to the Beneficiaries in accordance with the Plan, the Confirmation Order, and applicable tax statutes, rules, and regulations, and in an expeditious but orderly manner, with no objective to continue or engage in the conduct of a trade or business. In particular, the Liquidating Trustee shall (a) make continuing efforts to collect and reduce the Liquidating Trust Assets to Cash, and (b) make timely distributions and not unduly prolong the duration of the Liquidating Trust.

**1.2    Declaration of Trust.**    In order to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan, the Debtors and the Liquidating Trustee have executed this Liquidating Trust Agreement and, effective on the Effective Date, the Debtors hereby irrevocably transfer to the Liquidating Trust, all of the right, title, and interests of the Debtors in and to the Liquidating Trust Assets, to have and to hold unto the Liquidating Trust and its successors and assigns forever, under and subject to the terms of the Plan and the Confirmation Order for the benefit of the Beneficiaries and their successors and assigns as provided for in this Liquidating Trust Agreement and in the Plan and Confirmation Order.

2

**1.3    Vesting of Estate Assets.**  On the Effective Date, pursuant to the terms of the Plan, the Liquidating Trust Assets (not otherwise abandoned pursuant to the terms of the Plan) , including all such assets held or controlled by third parties, shall be vested in the Liquidating Trust, which also shall own and be authorized to obtain, liquidate, and collect all of the Liquidating Trust Assets in the possession of third parties and pursue all of the Causes of Action. Subject to the provisions of the Plan, all such Liquidation Trust Assets shall be transferred and delivered to the Liquidating Trust free and clear of interests, Claims, Liens, or other encumbrances of any kind.  The Liquidating Trustee shall have no duty to arrange for any of the transfers contemplated hereunder or by the Plan or to ensure their compliance with the terms of the Plan and the Confirmation Order, and shall be conclusively entitled to rely on the legality and validity of such transfers.  Moreover, on the Effective Date, all privileges with respect to any Liquidation Trust Assets, including the attorney/client privilege, to which the Debtors are entitled shall be automatically vested in, and available for assertion by or waiver by the Liquidating Trustee on behalf of the Liquidating Trust.  To the extent any of the foregoing does not automatically occur on the Effective Date or is not effectuated through the Confirmation Order or this Agreement, the Debtors shall, on the Effective Date, execute such other and further documents as are reasonably necessary to effectuate all of the foregoing and shall reasonably cooperate with the Liquidating Trustee in transitioning the administration of the Liquidating Trust Assets and Claims against the Debtors to the Liquidating Trust.

**1.4    Funding of the Trust.**  The Liquidating Trust shall be funded, on the Effective Date, with the Liquidating Trust Assets, as provided for in the Plan and in the Confirmation Order.

**1.5    Acceptance by Liquidating Trustee.**  The Liquidating Trustee hereby accepts the trust imposed upon it by this Liquidating Trust Agreement and agrees to observe and perform that trust on and subject to the terms and conditions set forth in this Liquidating Trust Agreement, the Plan, and the Confirmation Order.  In connection with and in furtherance of the purposes of the Liquidating Trust, the Liquidating Trustee hereby accepts the transfer of the Liquidating Trust Assets.

**1.6    Name of the Liquidating Trust.**  The Liquidating Trust established hereby shall be known as the "HUB Liquidating Trust".

**1.7    Capacity of Trust.**  Notwithstanding any state or federal law to the contrary or anything herein, the Liquidating Trust shall itself have the capacity to act or refrain from acting, on its own behalf, including the capacity to sue and be sued. The Liquidating Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

**1.8    Liquidating Trust Committee.**  Pursuant to the Plan and this Liquidating Trust Agreement, the Liquidating Trust Committee shall be created on the Effective Date.   The Liquidating Trust Committee shall be comprised of three (3) members to be agreed upon by the Debtors and the Creditors' Committee appointed in the Chapter 11 Cases consistent with Article IV.A of the Plan. The Liquidating Trust Committee shall have the duties and powers as provided for in the Plan and in this Liquidating Trust Agreement, including the duty to maximize the value

3

of the Liquidating Trust Assets in the most expeditious manner possible for the benefit of the Beneficiaries while recognizing that undue haste in administering the Liquidating Trust Assets may be imprudent and not in the best interests of the Beneficiaries. The Liquidating Trust Committee shall be authorized to employ counsel to be paid from the Liquidating Trust Assets in accordance with Section 3.6 below.

## ARTICLE II
## THE LIQUIDATING TRUSTEE

**2.1     Appointment.** The Liquidating Trustee has been selected by the Debtors and the Creditors' Committee pursuant to the provisions of the Plan and has been appointed as of the Effective Date. The Liquidating Trustee's appointment shall continue until the earlier of (a) the termination of the Liquidating Trust or (b) the Liquidating Trustee's resignation, death, dissolution, removal or liquidation.

**2.2     General Powers.** Except as otherwise provided in this Liquidating Trust Agreement, the Plan, or the Confirmation Order, the Liquidating Trustee may control and exercise authority over the Liquidating Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the business of the Liquidating Trust. Regarding all matters identified in Section 3.3 hereof, the Liquidating Trustee shall follow the direction of the Liquidating Trust Committee; provided, however, that nothing in this Liquidating Trust Agreement shall be deemed to prevent the Liquidating Trustee from taking, or failing to take, any action that, based upon the advice of counsel or other professionals, it determines it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the Liquidating Trustee owes to the Beneficiaries or any other person or Entity. No person dealing with the Liquidating Trust shall be obligated to inquire into the Liquidating Trustee's authority in connection with the acquisition, management, or disposition of Liquidating Trust Assets; provided, however, that the members of the Liquidating Trust Committee are entitled to make such inquires in connection with the exercise of their rights or powers pursuant Section 3.3 of this Liquidating Trust Agreement. Without limiting the foregoing, but subject to the Plan, the Confirmation Order, and other provisions of this Liquidating Trust Agreement, the Liquidating Trustee shall be expressly authorized to, with respect to the Liquidating Trust and the Liquidating Trust Assets, and may cause the Liquidating Trust to:

(a)     Exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced, and take all actions that may be or could have been taken with respect to the Liquidating Trust Assets by any officer, director, shareholder or other party acting in the name of the Debtors or their Estates with like effect as if duly authorized, exercised, and taken by action of such officers, directors, shareholders or other party.

(b)     Open and maintain bank accounts on behalf of or in the name of the Liquidating Trust, calculate and make Distributions, and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Liquidating Trust, provided that the Liquidating Trustee need not maintain the Liquidating Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Liquidating

4

Trust; provided, however, that the Liquidating Trust shall treat all such reserved funds as being held in segregated accounts in its books and records.

(c)     Receive, manage, invest, supervise, and protect the Liquidating Trust Assets, subject to the limitations provided herein.

(d)     Hold legal title to any and all Liquidating Trust Assets.

(e)     Subject to the applicable provisions of the Plan and this Liquidating Trust Agreement, collect and liquidate all Liquidating Trust Assets pursuant to the Plan.

(f)     Review, and where appropriate, object to Claims, and supervise and administer the commencement, prosecution, settlement, compromise, withdrawal or resolution in any manner approved by the Bankruptcy Court of all Disputed Claims and the Distributions to the Beneficiaries and creditors of the Liquidating Trust, in accordance with this Liquidating Trust Agreement, the Plan, and the Confirmation Order.

(g)     Subject to Article IV of this Liquidating Trust Agreement, commence, prosecute, compromise, settle, withdraw, abandon, or resolve all Causes of Action in any manner approved by the Bankruptcy Court.

(h)     Seek a determination of tax liability or refund under section 505 of the Bankruptcy Code; (2) file, if necessary, any and all tax and information returns required with respect to the Liquidating Trust; (3) make tax elections for and on behalf of the Liquidating Trust; (4) pay taxes, if any, payable for and on behalf of the Liquidating Trust; and (5) file and prosecute claims for tax refunds to which the Debtors or the Liquidating Trust may be entitled; provided, however, that notwithstanding any other provision of this Liquidating Trust Agreement, the Liquidating Trustee shall have no personal responsibility for the signing or accuracy of the Debtors' income tax returns that are due to be filed after the Effective Date or for any tax liability related thereto.

(i)     Pay all lawful expenses, debts, charges, taxes and liabilities of the Liquidating Trust.

(j)     Take all other actions consistent with the provisions of the Plan which the Liquidating Trustee deems reasonably necessary or desirable to administer the Plan.

(k)     Make Distributions to the Beneficiaries, and to creditors of the Liquidating Trust as provided for, or contemplated by, the Plan, the Confirmation Order, and this Liquidating Trust Agreement.

(l)     Withhold from the amount distributable to any person or Entity such amount as may be sufficient to pay any tax or other charge which the Liquidating Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof.

(m)     Enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or this Liquidating Trust Agreement and perform all obligations thereunder.

(n)     If any of the Liquidating Trust Assets are situated in any state or other jurisdiction in which the Liquidating Trustee is not qualified to act as trustee, subject to the approval of the Liquidating Trust Committee, nominate and appoint a person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee such security as may be designated by the Liquidating Trustee in its discretion; confer upon such trustee all the rights, powers, privileges, and duties of the Liquidating Trustee hereunder, subject to the conditions and limitations of this Liquidating Trust Agreement, except as modified or limited by the Liquidating Trustee and except where the conditions and limitations may be modified by the laws of such state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such trustee is acting shall prevail to the extent necessary); require such trustee to be answerable to the Liquidating Trustee for all monies, assets and other property that may be received in connection with the administration of all property; and, subject to the approval of the Liquidating Trust Committee, remove such trustee, with or without cause, and appoint a successor trustee at any time by the execution by the Liquidating Trustee of a written instrument declaring such trustee removed from office, and specifying the effective date and time of removal.

(o)     Subject to Section 5.6 of this Liquidating Trust Agreement, purchase and carry all insurance policies and pay all insurance premiums and costs it deems reasonably necessary or advisable.

(p)     Implement, enforce, or discharge all of the terms, conditions, and all other provisions of, and all duties and obligations under, the Plan, the Confirmation Order, and this Liquidating Trust Agreement.

(q)     Employ and compensate professionals and other agents, including, without limitation, [INSERT NAMES OF FIRMS], as co-counsel, and [INSERT NAME OF INSTITUTION, IF ANY], as disbursing agent; provided that, for the avoidance of doubt, and without limitation of applicable law, nothing in this Liquidating Trust Agreement shall limit the Liquidating Trustee from engaging counsel or other professionals, including the Liquidating Trustee itself or the Liquidating Trustee's firm and their affiliates, to do work for the Liquidating Trust.

(r)     Undertake all administrative functions remaining in the Chapter 11 Cases, including the ultimate closing of the Chapter 11 Cases.

(s)     Invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations or any modification in the Internal Revenue Services ("IRS") guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements or otherwise.

(u)     Hire former employees of the Debtors to the extent their services are

needed to assist in the wind down of the estates.

**2.3     Limitations on the Liquidating Trustee.**     Notwithstanding anything under applicable law, this Liquidating Trust Agreement or the Plan to the contrary, the Liquidating Trustee shall not do or undertake any of the following:

(a)     Disregard the instructions of the Liquidating Trust Committee regarding any of the matters identified in Section 3.3 hereof, provided, however, that nothing in this Liquidating Trust Agreement shall be deemed to prevent the Liquidating Trustee from taking, or failing to take, any action that, based upon the advice of counsel or other professionals, it is obligated to take (or fail to take) in the performance of any fiduciary or similar duty which the Liquidating Trustee owes to the Beneficiaries or any other person.

(b)     Take, or fail to take, any action that would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for federal income tax purposes.

(c)     Receive transfers of any listed stocks or securities, any readily-marketable assets or any operating assets of a going business, except as is absolutely necessary or required under the Plan and the Confirmation Order; provided, however, that in no event shall the Liquidating Trustee receive any such investment that would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for federal income tax purposes.

(d)     Exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to the Treasury Regulations or any modification in the IRS guidelines, whether set forth in IRS rulings, revenue procedures, other IRS pronouncements or otherwise.

(e)     Receive or retain any operating assets of a going business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets, except as is absolutely necessary or required under the Plan and the Confirmation Order; provided, however, that in no event shall the Liquidating Trustee receive or retain any such asset or interest that would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for federal income tax purposes.

(f)     Notwithstanding any of the foregoing, the Liquidating Trustee shall not be prohibited from engaging in any trade or business on its own account, provided that such activity does not interfere with the Liquidating Trustee's administration of the Liquidating Trust.

**2.4     Compensation of Liquidating Trustee and its Agents and Professionals.**

(a)     The Liquidating Trustee shall be entitled to receive reasonable compensation (fees and expenses) incurred in connection with this Liquidating Trust Agreement prior to the Effective Date and retroactive to March 1, 2011, as well for the performance of its duties after the Effective Date as set forth on Exhibit A.   Any successor to the Liquidating Trustee shall also be entitled to reasonable compensation in connection with the performance of its duties, which compensation may be different from the terms provided herein and shall be

7

approved by the Liquidating Trust Committee, plus the reimbursement of reasonable out-of-pocket expenses.

(b)     The Liquidating Trustee (only with respect to its fees and expenses incurred prior to the Effective Date and the reimbursement of its reasonable out-of-pocket expenses incurred after the Effective Date) and each of it agents and professionals (unless any such agents or professionals, the Liquidating Trustee, and the Liquidating Trust Committee agree to different treatment) seeking compensation or reimbursement shall serve a statement on the Liquidating Trustee and the Liquidating Trust Committee. The Liquidating Trustee and the Liquidating Trust Committee will have fifteen (15) days from the date such statement is received to review the statement and object to such statement by serving an objection on the Liquidating Trustee, the Liquidating Trust Committee, and the party seeking compensation setting forth the precise nature of the objection and the amount at issue. At the expiration of the fifteen (15) day period, and without further order of the Bankruptcy Court (except as provided herein), the Liquidating Trustee shall pay from the Liquidating Trust Assets, or the proceeds or income thereof, 100% of the amounts requested, except for the portion of such fees and expenses to which any objection has been made. The parties shall attempt to consensually resolve objections, if any, to any statement. If the parties are unable to reach a consensual resolution of any such objection, the party who received an objection to its fees and expenses may seek payment of such fees and expenses by filing a motion with and obtaining an order from the Bankruptcy Court and providing notice to the Liquidating Trustee and the Liquidating Trust Committee. If the Liquidating Trustee or its agent or professional fails to submit a statement, it shall be ineligible to receive payment of fees and expenses therefore as provided in this Liquidating Trust Agreement until the statement is submitted.

**2.5     General Duties, Obligations, Rights, and Benefits of the Liquidating Trustee.** The Liquidating Trustee shall have all duties, obligations, rights, and benefits assumed by, assigned to or vested in the Liquidating Trust under the Plan, the Confirmation Order, this Liquidating Trust Agreement and any other agreement entered into pursuant to or in connection with the Plan. Such duties, obligations, rights and benefits include, without limitation, all duties, obligations, rights and benefits relating to the collection and liquidation of the Liquidating Trust Assets, administration of Claims, satisfaction of claims of creditors, the pursuit of Causes of Action, distributions to Beneficiaries, administration of the Liquidating Trust and any other duties, obligations, rights, and benefits reasonably necessary to accomplish the purpose of the Liquidating Trust under the Plan, the Confirmation Order, this Liquidating Trust Agreement, and any other agreement entered into pursuant to or in connection with the Plan. Without limiting the duties, obligations, rights, and benefits of the Liquidating Trustee under this Section or any other provision of this Liquidating Trust Agreement, the Liquidating Trustee shall have all duties, obligations, rights, and benefits assigned to the Liquidating Trustee under the Confirmation Order.

**2.6     No Implied Obligations**. The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Liquidating Trust Agreement against the Liquidating Trustee.

RLF1 3794496v. 2

**2.7    Allowed Administrative Claims Reserve.**    The Liquidating Trustee may establish, from time to time fund, and administer a reserve (the "<u>Allowed Administrative Claims Reserve</u>"), that shall consist of Cash in an amount reasonably believed by the Liquidating Trustee to be necessary to satisfy the Allowed Claims payable out of the Liquidating Trust Assets to holders of Allowed Accrued Professional Compensation Claims, Allowed Administrative Expense Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Class 3 Other Secured Claims and Class 4 Priority Non-Tax Claims. The Liquidating Trustee shall be authorized to make distributions from the Allowed Administrative Claims Reserve in satisfaction of such Allowed Claims in accordance with this Liquidating Trust Agreement, the Plan, and the Confirmation Order.

**2.8    Replacement of the Liquidating Trustee.**    The Liquidating Trustee may resign at any time upon thirty (30) days' written notice filed with the Bankruptcy Court and served upon the Liquidating Trust Committee, provided that such resignation shall only become effective upon the appointment of a permanent or interim successor Liquidating Trustee. A majority of the Liquidating Trust Committee may remove the Liquidating Trustee with or without cause. The Liquidating Trustee may also be removed by the Bankruptcy Court upon motion and after notice and a hearing, which motion may be brought by any party in interest (including any members of the Liquidating Trust Committee). In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trust Committee may, by majority vote, designate a person to serve as permanent or interim successor Liquidating Trustee. If the Liquidating Trust Committee shall fail to appoint a successor with thirty (30) days of delivery of the Liquidating Trustee's written notice of resignation to the Bankruptcy Court and the Liquidating Trust Committee, a successor Liquidating Trustee shall be appointed by the Bankruptcy Court based upon submissions from interested parties (including the Liquidating Trustee, the Liquidating Trust Committee or any Beneficiary). Upon its appointment, the successor Liquidating Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of its predecessor, except as provided in Section 2.4(a) above, and all responsibilities of the predecessor Liquidating Trustee relating to the Liquidating Trust shall be terminated. In the event the Liquidating Trustee's appointment terminates by reason of death, dissolution, liquidation, resignation, or removal, such Liquidating Trustee shall be immediately compensated for all reasonable fees and expenses accrued through the effective date of termination, whether or not previously invoiced. The provisions of Article V of this Liquidating Trust Agreement shall survive the resignation or removal of any Liquidating Trustee.

**2.9    Liquidating Trust Continuance.**    The death, dissolution, liquidation, resignation, or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency created by the Liquidating Trustee pursuant to this Liquidating Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee, and the provisions of this Liquidating Trust Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee and all its successors or assigns.

9

## ARTICLE III
## LIQUIDATING TRUST COMMITTEE

**3.1     Liquidating Trust Committee.**  As of the Effective Date, the Liquidating Trust Committee shall be comprised of the following three members selected pursuant to the provisions of the Plan (each, a "<u>Member</u>", and, collectively, the "<u>Members</u>"): [LIST MEMBERS].  Except as otherwise expressly provided herein, a majority vote of the Members shall constitute an act or decision of the Liquidating Trust Committee.  A person shall not be disqualified from serving as a Member as a consequence of that person's employment or affiliation with an Entity engaged in the trading of Claims against or interest in a Debtor, provided that an internal "ethical wall" has been created prohibiting such person from discussing or sharing any information about the Debtors with others employed by or affiliated with the entity engaged in such trading activities.

**3.2     Reports to Liquidating Trust Committee.**  Notwithstanding any other provision of this Liquidating Trust Agreement, the Liquidating Trustee shall report to the Liquidating Trust Committee on a regular basis, not less than four (4) times per year.  The Liquidating Trust Committee shall keep all such information strictly confidential, except to the extent the Liquidating Trust Committee deems it reasonably necessary to disclose such information to the Bankruptcy Court (in which case, a good faith effort shall be made to file such information under seal).

**3.3     Actions Requiring Approval of the Liquidating Trust Committee.**  The Liquidating Trustee shall obtain the approval of the Liquidating Trust Committee (by at least a majority vote, which may be obtained by negative notice) prior to taking any action regarding any of the following matters:

(a)     Subject to Section 4.2 of this Agreement, the commencement, prosecution, settlement, compromise, withdrawal or other resolution of any Cause of Action by the Liquidating Trust where the amount sought to be recovered in the complaint or other document initiating such Cause of Action exceeds $100,000;

(b)     The sale, transfer, assignment, or other disposition of any non-Cash Liquidating Trust Assets having a valuation in excess of $100,000;

(c)     The abandonment of any non-Cash Liquidating Trust Assets having a valuation of at least $50,000;

(d)     The prosecution of objections to Claims, or the commencement, settlement, compromise, withdrawal, or other resolution of any Disputed Claims, wherein the amount of the asserted Claim exceeds $100,000;

(e)     The borrowing of any funds by the Liquidating Trust or pledge of any portion of the Liquidating Trust Assets;

(f)     The selection, retention, or termination of any professional person or Entity by the Liquidating Trustee after the Effective Date;

(g)     Any matter which could reasonably be expected to have a material adverse effect on the amount of distributions to be made by the Liquidating Trust;

(h)     The exercise of any right or action set forth in this Liquidating Trust Agreement that expressly requires approval of the Liquidating Trust Committee, unless the applicable provision expressly requires unanimous approval of the Liquidating Trust Committee for the exercise of any such right or action, or as required under Section 2.8 of this Agreement; or

(i)     All investments authorized to be made by the Liquidating Trustee under this Liquidating Trust Agreement.

**3.4     Investments and Bond.**  The Liquidating Trust Committee (by at least a majority vote) may authorize the Liquidating Trust to invest the Liquidating Trust Assets in prudent investments other than those described in section 345 of the Bankruptcy Code, subject to Section 2.3 above.  Notwithstanding any state or other applicable law to the contrary, the Liquidating Trustee (including any successor Trustee) shall be exempt from giving any bond or other security in any jurisdiction, provided, however, that the Liquidating Trust Committee may, at its discretion, require a fidelity bond from the Liquidating Trustee in such reasonable amount as may be agreed to by majority vote of the Liquidating Trust Committee, but any costs associated with any such fidelity bond shall be payable exclusively from the Liquidating Trust Assets.

**3.5     Liquidating Trustee's Conflict of Interest**.  The Liquidating Trustee shall disclose to the Liquidating Trust Committee any conflicts of interest that the Liquidating Trustee has with respect to any matter arising during administration of the Liquidating Trust.  In the event that the Liquidating Trustee cannot take any action, including without limitation the prosecution of any Rights of Action or the Objection to any Claim, by reason of an actual or potential conflict of interest, the Liquidating Trust Committee acting by majority shall be authorized to take any such action(s) in the Liquidating Trustee's place and stead, including without limitation the retention of professionals (which may include professionals retained by the Liquidating Trustee) for the purpose of taking such actions.

**3.6     Compensation of Liquidating Trust Committee.**  Each Member shall be entitled to receive reasonable compensation in connection with his or her duties, payable quarterly, without further order of the Bankruptcy Court, in the amount of $10,000 per annum, or such lesser amount that the Liquidating Trust Committee may deem appropriate, plus reimbursement of reasonable out-of-pocket expenses, which expenses shall be subject to the Liquidating Trustee's review.

# ARTICLE IV
## PROSECUTION AND RESOLUTION OF CAUSES OF ACTION

**4.1     The Liquidating Trust's Exclusive Authority to Pursue, Settle, or Abandon Causes of Action.**  Subject to Section 3.3 of this Liquidating Trust Agreement, and pursuant to Article IV.C of the Plan, the Liquidating Trust shall have the exclusive right, power, and interest

11

to pursue, settle, or abandon all Causes of Action as the sole representative of the Estates pursuant to section 1123(b)(3) of the Bankruptcy Code.

**4.2** **Settlement of Causes of Action**. Notwithstanding Section 3.3 of this Liquidating Trust Agreement, and pursuant to Article IV.C. of the Plan, settlement by the Liquidating Trust of any Cause of Action shall require: (i) approval only of the Liquidating Trustee, if the amount sought to be recovered in the complaint or other document initiating such Cause of Action does not exceed $100,000; and (ii) approval of the Liquidating Trustee and the Liquidating Trust Committee, if the amount sought to be recovered in the complaint or other document initiating such Cause of Action is $100,001 or more.

**ARTICLE V**
**LIABILITY OF LIQUIDATING TRUSTEE**
**AND THE LIQUIDATING TRUST COMMITTEE**

**5.1** **Standard of Care; Exculpation**. Neither the Liquidating Trustee, the Members of the Liquidating Trust Committee, nor any director, officer, member, affiliate, employee, employer, professional, successors, assigns, agent, or representative of the Liquidating Trustee or any Member of the Liquidating Trust Committee (each, an "Exculpated Party" and collectively, the "Exculpated Parties") shall be liable for any losses, claims, damages, liabilities, obligations, settlements, proceedings, suits, judgments, causes of action, litigation, actions, or investigations (whether civil or administrative and whether sounding in tort, contract or otherwise), penalties, costs, and expenses, including reasonable fees and disbursements (collectively referred to herein as "Losses"), whether or not in connection with litigation in which any Exculpated Party is a party, or enforcing this Liquidating Trust Agreement (including these exculpation provisions), as and when imposed on the Liquidating Trustee, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Liquidating Trustee's or Liquidating Trust Committee's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties and obligations under this Liquidating Trust Agreement, the Plan, or the Confirmation Order or as may arise by reason of any action, omission or error of an Exculpated Party; provided, however, that the foregoing limitation shall not apply to any Losses suffered or incurred by any holder of a Claim or interest or Beneficiary that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal or review) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of such Exculpated Party. Every act taken or omitted, power exercised or obligation assumed by the Liquidating Trust or any Exculpated Party pursuant to the provisions of this Liquidating Trust Agreement shall be held to be taken or omitted, exercised, or assumed, as the case may be, by the Liquidating Trust or any Exculpated Party acting for and on behalf of the Liquidating Trust and not otherwise; provided, however, that none of the foregoing Entities or persons are deemed to be responsible for any other such Entities' or persons' actions or inactions. Except as provided in the first proviso of the first sentence of this Section 5.1, every person, firm, corporation, or other Entity contracting or otherwise dealing with or having any relationship with the Liquidating Trust or any Exculpated Party shall have recourse only to the Liquidating Trust Assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings or relationships, and the Liquidating Trust and the Exculpated Parties shall not be individually liable therefore. In no event shall the Liquidating Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited

12

to lost profits) whatsoever, even if the Liquidating Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action. Any liability of the Liquidating Trustee under this Liquidating Trust Agreement will be limited to the amount of annual fees paid to the Liquidating Trustee.

**5.2    Indemnification**.

(a)    The Liquidating Trustee, the Members of the Liquidating Trust Committee, and any director, officer, member, affiliate, employee, employer, professional, successor, assign, agent, or representative of the Liquidating Trustee or the Members of the Liquidating Trust Committee (each, an "Indemnified Party" and collectively, the "Indemnified Parties") shall be defended, held harmless, and indemnified from time to time by the Liquidating Trust against any and all Losses, including, without limitation, the costs for counsel or others in investigating, preparing, defending, or settling any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing this Liquidating Trust Agreement (including these indemnity provisions), as and when imposed on the Liquidating Trustee, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Liquidating Trustee's or Liquidating Trust Committee's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties, and obligations under this Liquidating Trust Agreement, the Plan, or the Confirmation Order or as may arise by reason of any action, omission, or error of an Indemnified Party; provided, however, such indemnity shall not apply to any such Losses to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal or review) to have resulted primarily and directly from the fraud, gross negligence, or willful misconduct of such Indemnified Party. Satisfaction of any obligation of the Liquidating Trust arising pursuant to the terms of this Section shall be payable only from the Liquidating Trust Assets, shall be advanced prior to the conclusion of such matter and such right to payment shall be prior and superior to any other rights to receive a distribution of the Liquidating Trust Assets.

(b)    The Liquidating Trust shall promptly pay to the Indemnified Party the expenses set forth in subparagraph (a) above upon submission of invoices therefore on a current basis. Each Indemnified Party hereby undertakes, and the Liquidating Trust hereby accepts its undertaking, to repay any and all such amounts so paid by the Liquidating Trust if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefore under this Liquidating Trust Agreement.

**5.3    No Liability for Acts of Successor/Predecessor Liquidating Trustees.** Upon the appointment of a successor Liquidating Trustee and the delivery of the Liquidating Trust Assets to the successor Liquidating Trustee, the predecessor Liquidating Trustee and any director, officer, affiliate, employee, employer, professional, agent, or representative of the predecessor Liquidating Trustee shall have no further liability or responsibility with respect thereto. A successor Liquidating Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor and no successor Liquidating Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidating Trustee unless a successor Liquidating Trustee expressly assumes such responsibility. A predecessor Liquidating Trustee shall have no liability for the acts or omissions of any immediate or subsequent

successor Liquidating Trustee for any events or occurrences subsequent to the cessation of its role as Liquidating Trustee.

**5.4** **Reliance by Liquidating Trustee and the Liquidating Trust Committee on Documents or Advice of Counsel or Other Professionals.** Except as otherwise provided in this Liquidating Trust Agreement, the Liquidating Trustee, the Liquidating Trust Committee, any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee, and the Members of the Liquidating Trust Committee may rely, and shall be protected from liability for acting or failing to act, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Liquidating Trustee and/or the Liquidating Trust Committee to be genuine and to have been presented by an authorized party. Neither the Liquidating Trustee nor the Liquidating Trust Committee shall be liable for any action taken or omitted or suffered by the Liquidating Trustee or the Liquidating Trust Committee, as applicable, in reasonable reliance upon the advice of counsel or other professionals engaged by the Liquidating Trustee or the Liquidating Trust Committee, as applicable, in accordance with this Liquidating Trust Agreement. The Liquidating Trustee and the Liquidating Trust Committee, as applicable, shall be fully indemnified by the Liquidating Trust for or in respect of any action taken, suffered or omitted by it and in accordance with such advice or opinion.

**5.5** **Conflicts of Interest.** Conflicts of interest of the Liquidating Trustee will be addressed by the Liquidating Trust Committee as set forth above in Article III. If no Liquidating Trust Committee is serving, the Liquidating Trustee will appoint a disinterested person to handle any matter where the Liquidating Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Liquidating Trustee is unwilling or unable to appoint a disinterested person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

**5.6** **Insurance.** The Liquidating Trustee, upon the approval of the Liquidating Trust Committee, may purchase, using the Liquidating Trust Assets, and carry all insurance policies and pay all insurance premiums and costs the Liquidating Trust Committee and the Liquidating Trustee deem reasonably necessary or advisable, including, without limitation, purchasing any errors and omissions insurance with regard to any Losses it may incur, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud or willful misconduct, with respect to the implementation and administration of the Plan or this Liquidating Trust Agreement.

**5.7** **No Liability for Good Faith Error of Judgment.** The Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a final judgment of a court of competent jurisdiction (not subject to further appeal or review) that the Liquidating Trustee was grossly negligent in ascertaining the pertinent facts.

**5.8** The provisions of this Article V shall survive the termination of this Liquidating Trust Agreement and the death, resignation, removal, liquidation, dissolution, or replacement of the Liquidating Trustee or the dissolution of the Liquidating Trust Committee.

14

# ARTICLE VI
## GENERAL PROVISIONS CONCERNING
## ADMINISTRATION OF THE LIQUIDATING TRUST

**6.1** **Liquidating Trust Reserve.** The Liquidating Trustee may, at its discretion, establish the Liquidating Trust Reserve as set forth in Section 9.2 of this Liquidating Trust Agreement.

**6.2** **Register of Beneficiaries.** The Liquidating Trustee shall maintain at all times a register of the names, distribution addresses, amounts of Allowed Claims, and the ratable interests in the Liquidating Trust of the Beneficiaries (the "Register"). The initial Register shall be delivered to the Liquidating Trustee by the Debtors and shall be based on the list of holders of Claims maintained by Kurtzman Carson Consultants LLC ("KCC") as of the Effective Date and prepared in accordance with the provisions of the Plan and the Confirmation Order. The Liquidating Trustee may retain KCC (or another claims agent) to update and maintain such list throughout the administration of the Liquidating Trust Assets and the Claims required to be administered by the Liquidating Trustee, and such list may serve as the Register. All references in this Liquidating Trust Agreement to holders of beneficial interests in the Liquidating Trust shall be read to mean holders of record as set forth in the Register maintained by the Liquidating Trustee and shall exclude any beneficial owner not recorded on such Register. The Liquidating Trustee shall cause the Register to be kept at its office or at such other place or places as may be designated by the Liquidating Trustee from time to time.

**6.3** **Books and Records.**

(a) On the Effective Date, the Debtors shall transfer and assign to the Liquidating Trust full title to, and the Liquidating Trust shall be authorized to take possession of, all of the books and records of the Debtors. The Liquidating Trust shall have the responsibility of physically taking possession of (with the Debtors' reasonable cooperation), storing and maintaining books and records transferred hereunder until the Chapter 11 Cases are closed, after which time such books and records may, to the extent not prohibited by applicable law, be abandoned or destroyed without further Bankruptcy Court order. For the purpose of this Section 6.3, books and records include computer generated or computer maintained books and records and computer data, as well as electronically generated or maintained books and records or data, along with books and records of the Debtors maintained by or in possession of third parties and all of the claims and rights of the Debtors in and to their books and records, wherever located.

(b) The Liquidating Trustee also shall maintain in respect of the Liquidating Trust and the Beneficiaries books and records relating to the Liquidating Trust Assets and any income or proceeds realized therefrom and the payment of expenses of and claims against or assumed by the Liquidating Trust in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof. Except as expressly provided in this Liquidating Trust Agreement, the Plan, or the Confirmation Order, or as may be required by applicable law (including securities law), nothing in this Liquidating Trust Agreement is intended to require the Liquidating Trust to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Liquidating Trust Assets. The Liquidating Trust Committee

15

shall have the right to inspect the books and records of the Liquidating Trust at any time upon reasonable notice to the Liquidating Trustee. Beneficiaries shall have the right upon thirty (30) days' prior written notice delivered to the Liquidating Trustee to inspect the Liquidating Trust's books and records, including the Register, provided such Beneficiary shall have entered into a confidentiality agreement in form and substance reasonably satisfactory to the Liquidating Trustee. Satisfaction of the foregoing condition notwithstanding, if (a) the Liquidating Trustee and the Liquidating Trust Committee determine in good faith that the inspection of the Liquidating Trust's books and records, including the Register, by any Beneficiary would be detrimental to the Liquidating Trust or (b) such Beneficiary is a defendant (or potential defendant) in a pending (or potential) action brought by the Liquidating Trust, the Liquidating Trust may deny such request for inspection. The Bankruptcy Court shall resolve any dispute between any Beneficiary and the Liquidating Trustee under this Section 6.3.

**6.4    Filing of Interim Reports** The Liquidating Trust shall, consistent with Article IV.E of the Plan, file with the Bankruptcy Court semi-annual reports regarding the liquidation or other administration of the Liquidating Trust Assets.

**6.5    Final Accounting of Liquidating Trustee.** The Liquidating Trustee (or any such successor Liquidating Trustee) shall within ninety (90) days after the termination of the Liquidating Trust or the death, dissolution, liquidation, resignation, or removal of the Liquidating Trustee, render an accounting containing the following information:

      (a)    A description of the Liquidating Trust Assets.

      (b)    A summarized accounting in sufficient detail of all gains, losses, receipts, disbursements and other transactions in connection with the Liquidating Trust and the Liquidating Trust Assets during the Liquidating Trustee's term of service, including their source and nature.

      (c)    Separate entries for all receipts of principal and income.

      (d)    The ending balance of all Liquidating Trust Assets as of the date of the accounting, including the Cash balance on hand and the name(s) and location(s) of the depository or depositories where the Cash is kept.

      (e)    All known liabilities of the Liquidating Trust.

      (f)    All pending actions.

**6.6    Filing of Accounting.** The final accounting described in Section 6.5 shall be filed with the Bankruptcy Court and all Beneficiaries shall have notice that the final accounting has been filed and an opportunity to have a hearing on the approval of the accounting and the discharge and release of the Liquidating Trustee.

RLF1 3794496v. 2

## ARTICLE VII
## BENEFICIAL INTERESTS AND BENEFICIARIES

**7.1     Trust Beneficial Interests.**  Each holder of an Allowed Claim, shall be entitled to receive beneficial interests in accordance with the treatment of such Claim under the Plan, and shall be entitled to distributions as set forth in the Plan.

**7.2     Interest Beneficial Only.**  Ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary to any title in or to the Liquidating Trust Assets or to any right to call for a partition or division of the Liquidating Trust Assets or to require an accounting.

**7.3     Evidence of Beneficial Interest.**  Ownership of a beneficial interest in the Liquidating Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee, which may be the Register.

**7.4     Exemption from Registration.**  The parties hereto intend that the rights of the holders of the beneficial interests arising under this Liquidating Trust Agreement shall not be "securities" under applicable laws, but none of the parties hereto represents or warrants that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws.  If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and by other applicable law to apply to their issuance under the Plan.

**7.5     Transfers of Beneficial Interests.**  Beneficial interests in the Liquidating Trust shall be nontransferable except upon death of the interest holder or by operation of law.  The Liquidating Trust shall not have any obligation to recognize any transfer of Claims occurring after the Record Date.  Only those holders of Claims of record stated on the transfer ledgers as of the close of business on the Record Date, to the extent applicable, shall be entitled to be recognized for all purposes hereunder.

**7.6     Absolute Owners.**  The Liquidating Trustee may deem and treat the Beneficiary reflected as the owner of a beneficial interest on the Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof for federal and state income tax purposes and for all other purposes whatsoever.

**7.7     Change of Address.**  A Beneficiary may, after the Effective Date, select an alternative distribution address by filing a notice with the Bankruptcy Court (copy served on the Liquidating Trustee) identifying such alternative distribution address.  Absent such notice, the Liquidating Trustee shall not recognize any such change of distribution address.  Such notification shall be effective only upon receipt by the Liquidating Trustee.

**7.8     Effect of Death, Dissolution, Incapacity, or Bankruptcy of Beneficiary.**  The death, dissolution, incapacity, or bankruptcy of a Beneficiary during the term of the Liquidating Trust shall not operate to terminate the Liquidating Trust during the term of the Liquidating Trust nor shall it entitle the representative or creditors of the deceased, incapacitated or bankrupt Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof nor shall it otherwise affect the rights

17

and obligations of the Beneficiary under this Liquidating Trust Agreement or in the Liquidating Trust.

**7.9     Standing.**  Except as expressly provided in this Liquidating Trust Agreement, the Plan or the Confirmation Order, a Beneficiary does not have standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Liquidating Trust Assets.

## ARTICLE VIII
## PROCEDURES FOR RESOLVING AND TREATING DISPUTED CLAIMS

**8.1     Incorporation of Plan Provisions.**  As of the Effective Date, the Liquidating Trust shall assume responsibility for all Claims matters established by the Plan.  In accordance with the Plan, the Liquidating Trust shall establish appropriate Disputed Reserves pending resolution, as set forth in the Plan, of all contested matters and adversary proceedings concerning Disputed Claims.

**8.2     Disputed Claims Reserve.**

(a)     **Establishment of Disputed Reserves.**  On the Initial Distribution Date (or on any other date on which Distributions are made by the Liquidating Trustee), and in connection with making all Distributions required to be made on any such date under the Plan, the Liquidating Trustee shall establish a separate Disputed Reserve on account of Distributions of Cash or other property as necessary pursuant to the Plan.

(b)     **Amounts to Be Reserved.**  The Liquidating Trustee shall reserve the Ratable Proportion of all Cash, or other property allocated for Distribution on account of each Disputed Claim based upon the full asserted amount of each such Disputed Claim or such lesser amount as may be estimated by the Bankruptcy Court in accordance with the Plan.  All Cash or other property allocable to Disputed Claims hereunder shall be distributed by the Liquidating Trustee to the relevant Disputed Reserve on the Initial Distribution Date (or such other date on which distributions are made pursuant to the Plan and this Liquidating Trust Agreement).  To the extent that the property placed in a Disputed Reserve consists of Cash, that Cash shall be deposited in an interest-bearing account at a qualified institution, consistent with the terms and limitations of this Liquidating Trust Agreement.

(c)     **Distribution.**  Payments on any Disputed Claim that becomes an Allowed Claim shall be distributed by the Liquidating Trustee from the Disputed Reserve on the first Quarterly Distribution Date after the Claim is Allowed.  Distributions shall be made only to the extent of the aggregate distributions that the holder of any such Allowed Claim would have received had such Claim been Allowed as of the Effective Date (less any taxes paid with respect to amounts held in the Disputed Reserve).  Distributions to each holder of a Disputed Claim that has become an Allowed Claim (and to the extent that the holder of the Disputed Claim has not received prior distributions on account of that Claim) shall be made in accordance with the provisions of the Plan.

(d)     **Termination of Disputed Reserves.**  Each Disputed Reserve shall be closed and extinguished by the Liquidating Trustee when all Distributions and other dispositions

of Cash or other property required to be made therefrom under the Plan and this Liquidating Trust Agreement have been made. Upon closure of a Disputed Reserve, all Cash and other property held in that Disputed Reserve shall revest in the Liquidating Trust as a part of the general Liquidating Trust Assets and such Cash and property shall be used to pay the fees and expenses of the Liquidating Trust in accordance with this Liquidating Trust Agreement, and thereafter distributed on a Pro Rata basis to holders of Allowed Claims.

(e) **Limitation of Liability for Funding the Disputed Claims Reserve.** The Liquidating Trustee shall have no duty to fund any Disputed Reserve.

(f) **Transmittal of Distributions and Notices.** Any property or notice which a person is or becomes entitled to receive pursuant to the Plan and this Liquidating Trust Agreement may be delivered by regular mail, postage prepaid, in an envelope addressed to that person's address listed in the Register. Property distributed in accordance with this subsection shall be deemed delivered to such person regardless of whether such property is actually received by that person. Notice given in accordance with this subsection shall be effective only upon receipt.

**ARTICLE IX**
**DISTRIBUTIONS**

**9.1    Distributions to Beneficiaries from Liquidating Trust Assets.** All payments to be made by the Liquidating Trust to any Beneficiary shall be made only in accordance with the Plan, the Confirmation Order and this Liquidating Trust Agreement and from the Liquidating Trust Assets (or from the income and proceeds realized from the Liquidating Trust Assets) net of the Liquidating Trust Reserve (defined below), Allowed Administrative Claims Reserve, Disputed Reserves, and other reserves established by the Liquidating Trustee, if any, and only to the extent that the Liquidating Trust has sufficient Liquidating Trust Assets (or income and proceeds realized from the Liquidating Trust Assets) to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order, and this Liquidating Trust Agreement.

**9.2    Distributions; Withholding.** The Liquidating Trustee shall make the initial Distribution to holders of Allowed Claims as provided in the Plan and, following the initial Distribution required under the Plan, the Liquidating Trustee shall make distributions to holders of Allowed Claims (including distributions of all net Cash (including net Cash proceeds)) on Quarterly Distribution Dates, to the extent possible; provided, however, that the Liquidating Trust may retain and supplement from time to time a reserve (the "Liquidating Trust Reserve") in such amount (a) as is reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets during the term of the Liquidating Trust; (b) to pay reasonable administrative expenses including, without limitation, the compensation and the reimbursement of reasonable, actual and necessary costs, fees, and expenses (including attorneys' fees and expenses, financial advisor fees and expenses, and disbursing agent fees and expenses) of the Liquidating Trustee and the Liquidating Trust Committee in connection with the performance of their duties in connection with this Liquidating Trust Agreement; and (c) to satisfy all other liabilities and claims of creditors of the Liquidating Trust incurred or assumed in respect of the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject)

19

in accordance with the Plan, the Confirmation Order and this Liquidating Trust Agreement. All such distributions shall be made as provided, and subject to any withholding or reserve, in this Liquidating Trust Agreement, the Plan or the Confirmation Order. Additionally, the Liquidating Trustee may withhold from amounts distributable to any Beneficiary any and all amounts, determined in the Liquidating Trustee's sole discretion, to be required by any law, regulation, rule, ruling, directive, or other governmental requirement. In addition, all distributions under this Liquidating Trust Agreement shall be net of the actual and reasonable costs of making such distributions. Prior to the making of any Distributions contemplated hereunder to holders of Allowed Claims, the Liquidating Trustee shall provide the Liquidating Trust Committee with five business day's written notice of any such Distribution, which notice shall include a summary of the aggregate amounts to be distributed. Within three business days of receipt of the notice of Distribution, any Member of the Liquidating Trust Committee may request additional information regarding the calculation of the aggregate Distribution amounts for each Class of Allowed Claims.

**9.3     No Distribution Pending Allowance.** No payment or Distribution shall be made with respect to any Claim to the extent it is a Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim, except for distributions into a Disputed Claims Reserve in accordance with the Plan, Confirmation Order, and this Liquidating Trust Agreement.

**9.4     Distributions after Allowance.** Distributions to each holder of a Disputed Claim, to the extent that such Claim ultimately becomes an Allowed Claim, shall be made in accordance with the provisions of the Plan, Confirmation Order, and this Liquidating Trust Agreement.

**9.5     Non-Cash Property.** Subject to Section 3.3 hereof, any non-Cash property of the Liquidating Trust may be sold, transferred or abandoned by the Liquidating Trustee. Notice of such sale, transfer, or abandonment shall be provided to the holders, if any, of Secured Claims holding liens on such non-Cash property. If, in the Liquidating Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Liquidating Trustee believes, in good faith, such property has no value to the Liquidating Trust, the Liquidating Trustee shall have the right, subject to the approval of the Liquidating Trust Committee, to abandon or otherwise dispose of such property, including by donation of such property to a charity designated by the Liquidating Trustee Committee. Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a cause of action against the Liquidating Trustee or any director, officer, employee, consultant, or professional of the Liquidating Trustee, the Liquidating Trust Committee, or of any of its Members or professionals, arising from or related to the disposition of non-Cash property in accordance with this Section.

**9.6     Undeliverable Distributions.** If any Distribution is returned as undeliverable, the Liquidating Trust may, in its discretion, make such efforts to determine the current address of the holder of the Claim with respect to which the Distribution was made as the Liquidating Trust deems appropriate, but no Distribution to any holder shall be made unless and until the Liquidating Trust has determined the then-current address of the holder, at which time the Distribution to such holder shall be made to the holder without interest. Amounts in respect of any undeliverable Distributions made by the Liquidating Trust shall be returned to, and held in trust by, the Liquidating Trust until the Distributions are claimed or are deemed to be unclaimed

property under section 347(b) of the Bankruptcy Code and Article V.E.1 of the Plan ("Unclaimed Property"). While the Liquidating Trustee may, in its sole discretion, attempt to determine a Beneficiary's current address or otherwise locate a Beneficiary, nothing in this Liquidating Trust Agreement or the Plan shall require the Liquidating Trustee to do so.

9.7     **Unclaimed Property.** Except with respect to property not Distributed because it is being held in a Disputed Reserve, Distributions that are not claimed by the expiration of one year from the Effective Date shall be deemed to be Unclaimed Property and shall vest or revest in the Liquidating Trust, and the Claims with respect to which those Distributions are made shall be automatically canceled. After the expiration of that one-year period, the claim of any person or Entity to those Distributions shall be discharged and forever barred. Nothing contained in the Plan or this Liquidating Trust Agreement shall require the Liquidating Trust to attempt to locate any holder of an Allowed Claim. All funds or other property that vests or revests in the Liquidating Trust pursuant to Article V.E.3 of the Plan and this Section 9.7 shall be distributed by the Liquidating Trustee to the other holders of Allowed Claims in accordance with the provisions of the Plan and this Liquidating Trust Agreement. A Claim, and the Unclaimed Property distributed on account of such Claim, shall not escheat to any federal, state, or local government or other entity by reason of the failure of its holder to claim a distribution in respect of such Claim.

9.8     **Time Bar to Cash Payments by Check.** Checks issued by the Liquidating Trust on account of Allowed Claims shall be null and void if not negotiated within 90 days after the date of issuance thereof in accordance with Article V.I of the Plan. Requests for the reissuance of any check that becomes null and void pursuant to the Plan and this Section 9.8 shall be made directly to the Liquidating Trustee by the holder of the Allowed Claim to whom the check was originally issued. Any Claim in respect of such voided check shall be made in writing on or before the later of the first anniversary of the Effective Date or the first anniversary of the date on which the Claim at issue became an Allowed Claim. After that date, all Claims in respect of void checks shall be discharged and forever barred and the proceeds of those checks shall revest in and become property of the Liquidating Trust as Unclaimed Property in accordance with section 347(b) of the Bankruptcy Code and be distributed as Unclaimed Property. **Withholding Taxes and Expenses of Distribution.** Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder. All holders of Claims shall be required to provide the Liquidating Trustee with any information necessary to effect the withholding of such taxes. In addition, all distributions under the Plan shall be net of the actual and reasonable costs of making such distributions. Unless and until (but only if) such information is timely provided, all Distributions to which such holders may be or become entitled shall be treated as Unclaimed Property under Section 9.7 of the Liquidating Trust Agreement.

9.9     **Conflicting Claims.** If any conflicting claims or demands are made or asserted with respect to the beneficial interest of a Beneficiary under this Liquidating Trust Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Liquidating Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

21

(a)    In so refusing, the Liquidating Trustee may elect to cause the Liquidating Trust to make no payment or Distribution with respect to the beneficial interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. In so doing, neither the Liquidating Trust nor the Liquidating Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Liquidating Trust or Liquidating Trustee be liable for interest on any funds which may be so withheld.

(b)    The Liquidating Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a final order of the Bankruptcy Court or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Liquidating Trustee, which agreement shall include a complete release of the Liquidating Trust and Liquidating Trustee. Until the Liquidating Trustee receives written notice that one of the conditions of the preceding sentence is met, the Liquidating Trustee may deem and treat as the absolute owner under this Liquidating Trust Agreement of the beneficial interest in the Liquidating Trust the Beneficiary identified as the owner of that interest in the books and records maintained by the Liquidating Trustee. The Liquidating Trustee may deem and treat such Beneficiary as the absolute owner for purposes of receiving Distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

(c)    In acting or refraining from acting under and in accordance with this Section 9.9 of the Liquidating Trust Agreement, the Liquidating Trustee shall be fully protected and incur no liability to any purported claimant or any other Person pursuant to Article V of this Agreement.

**9.10    Distributions on Non-Business Days.** Any payment or Distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

**9.11    No Distribution in Excess of Allowed Amount of Claim.** Notwithstanding anything to the contrary herein, no Holder of an Allowed Claim shall receive in respect of such Claim any Distribution in excess of the Allowed amount of such Claim.

**9.12    Setoff and Recoupment.** The Liquidating Trust may, but shall not be required to, setoff against, or recoup from, any Claim and the Distribution to be made pursuant to the Plan in respect thereof, any claims or defenses of any nature whatsoever that any of the Debtors, the Estates or the Liquidating Trust may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtors, the Estates or the Liquidating Trust of any claim, defense, right of setoff, or recoupment that any of them may have against the holder of any Claim.

# ARTICLE X
# TAXES

**10.1    Income Tax Status.** Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Liquidating Trust shall be treated as a liquidating trust pursuant to Treasury Regulation

Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. As such, the Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidating Trust. Any items of income, deduction, credit, and loss of the Liquidating Trust shall be allocated for federal income tax purposes to the Beneficiaries.

**10.2  Tax Returns.**  In accordance with IRC Section 6012 and Treasury Regulation Section 1.671-4(a), the Liquidating Trust shall file with the IRS annual tax returns on Form 1041. In addition, the Liquidating Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon out of the Liquidating Trust Assets (or the income or proceeds thereof). The Liquidating Trustee shall, in its sole discretion, determine the best way to report with respect to any reserve for Disputed Claims, including electing to report as, without limitation, a disputed ownership fund under IRS Treasury Regulation section 1.468B-9 or otherwise as a separate trust or other entity. Within a reasonable time following the end of the taxable year, the Liquidating Trust shall send to each Beneficiary a separate statement setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and will instruct each such Beneficiary to report such items on their federal income tax returns. The Liquidating Trust may provide each Beneficiary with a copy of the Form 1041 for the Liquidating Trust (without attaching any other Beneficiary's Schedule K-1 or other applicable information form) along with such Beneficiary's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement. The Liquidating Trust shall allocate the taxable income, gain, loss, deduction, or credit of the Liquidating Trust with respect to each Beneficiary.

**10.3  Withholding of Taxes and Reporting Related to Liquidating Trust Operations.**  The Liquidating Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all distributions made by the Liquidating Trust shall be subject to any such withholding and reporting requirements. To the extent that the operation of the Liquidating Trust or the liquidation of the Liquidating Trust Assets creates a tax liability, the Liquidating Trust shall promptly pay such tax liability out of the Liquidating Trust Assets (or the income or proceeds thereof) and any such payment shall be considered a cost and expense of the operation of the Liquidating Trust payable without Bankruptcy Court order. The Liquidating Trust may reserve a sum, the amount of which shall be determined by the Liquidating Trust with the approval of the Liquidating Trust Committee, sufficient to pay the accrued or potential tax liability arising out of the operations of the Liquidating Trust or the operation of the Liquidating Trust Assets. Upon the approval of the Liquidating Trust Committee, the Liquidating Trustee, on behalf of the Liquidating Trust, may enter into agreements with taxing authorities or other governmental units for the payment of such amounts as may be withheld. Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder. All Beneficiaries shall be required to provide any information necessary to effect the withholding of such taxes.

**10.4  Valuations.**  Pursuant to Article IV.B.2 of the Plan, as soon as possible after the Effective Date, but in no event later than sixty (60) days thereafter, (i) the Liquidating Trust Committee shall inform the HUB Liquidating Trust in writing of the fair market value of the Liquidating Trust Fund as of the Effective Date, based on its good faith determination, and (ii) the Liquidating Trustee shall establish appropriate means to apprise the Beneficiaries of such

23

valuation. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the HUB Liquidating Trust, the Beneficiaries and the Liquidating Trust Committee) for all federal income tax purposes. The Liquidating Trustee also shall file (or cause to be filed) any other statements, returns, or disclosures relating to the Liquidating Trust that are required by any governmental unit.

**10.5    Treatment of Disputed Reserves.** Notwithstanding any other provision of this Liquidating Trust Agreement to the contrary, subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Liquidating Trust may, in its sole discretion, determine the best way to report with respect to any Disputed Reserve. Accordingly, the Liquidating Trustee may, in its discretion, elect to (i) treat any Liquidating Trust Assets allocable to, or retained on account of, a Disputed Claims Reserve in accordance with Section 8.2 of this Liquidating Trust Agreement as held by one or more discrete trusts for federal income tax purposes, consisting of separate and independent shares to be established in respect of each Disputed Claim, in accordance with the trust provisions of the IRC (sections 641 et seq.), (ii) treat as taxable income or loss of each Disputed Claims Reserve, with respect to any given taxable year, the portion of the taxable income or loss of the Liquidating Trust that would have been allocated to the holders of Disputed Claims had such Claims been Allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved), (iii) treat as a distribution from the Disputed Claims Reserve any increased amounts distributed by the Liquidating Trust as a result of any Disputed Claims resolved earlier in the taxable year, to the extent such distributions relate to taxable income or loss of the Disputed Claims Reserve determined in accordance with the provisions hereof, and (iv) to the extent permitted by applicable law, report consistent with the foregoing for state and local income tax purposes. The Liquidating Trustee may otherwise elect to report with respect to any Disputed Claims Reserve as a disputed ownership fund under IRS Treasury Regulation section 1.468B-9. All Beneficiaries shall report, for income tax purposes, consistent with the election of the Liquidating Trustee. In the event, and to the extent, any Cash retained on account of Disputed Claims in the Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (i) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (ii) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts distributable by the Liquidating Trustee as a result of the resolutions of such Disputed Claims.

**10.6    Expedited Determination of Taxes.** The Liquidating Trust may request an expedited determination of taxes or tax refund rights of the Liquidating Trust, including the Disputed Reserves, under section 505(b) of the Bankruptcy Code for all returns or claims filed for the Liquidating Trust for all taxable periods through the termination of the Liquidating Trust.

## ARTICLE XI
## TERMINATION OF LIQUIDATING TRUST

**11.1    Termination of Liquidating Trust.** The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated, at such time as (a) all Disputed Claims have been resolved, (b) all of the Liquidating Trust Assets have been liquidated, (c) all duties and obligations of the Liquidating Trustee hereunder have been fulfilled, (d) all Distributions

required to be made by the Liquidating Trustee under the Plan and this Liquidating Trust Agreement have been made, and (e) all of the Chapter 11 Cases have been closed; provided, however, that in no event shall the Liquidating Trust be terminated later than the term of the Liquidating Trust under Section 11.2 of this Liquidating Trust Agreement, as such term may be extended pursuant to Section 11.2.

**11.2  Maximum Term.** The term of the Liquidating Trust shall end no later than the second (2nd) anniversary of the Effective Date (the "Initial Liquidating Trust Term"); provided, however, that the Liquidating Trustee may, subject to the further provisions of this Section 11.2, extend the term of the Liquidating Trust for such additional period of time as is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets as follows: within the six (6) month period prior to the termination of the Initial Liquidating Trust Term, the Liquidating Trustee may file a notice of intent to extend the term of the Liquidating Trust with the Bankruptcy Court and, upon approval of the Bankruptcy Court of such extension request following notice and a hearing, the term of the Liquidating Trust shall be so extended. The Liquidating Trust may file one or more such extension notices, each notice to be filed within the six (6) month period prior to the termination of the extended term of the Liquidating Trust (all such extensions, collectively, are referred to herein as the "Supplemental Liquidating Trust Term"). Notwithstanding anything to the contrary in this Section 11.2, however, the Supplemental Liquidation Term may not exceed three (3) years without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for federal income tax purposes. In addition, the provisions of this Section 11.2 shall be without prejudice to the right of any party in interest under section 1109 of the Bankruptcy Code to petition the Bankruptcy Court, for cause shown, to shorten the Supplemental Liquidating Trust Term.

**11.3  Events Upon Termination.** At the conclusion of the term of the Liquidating Trust, the Liquidating Trustee shall distribute the remaining Liquidating Trust Assets, if any, to the Beneficiaries, in accordance with the Plan, the Confirmation Order, and this Liquidating Trust Agreement.

**11.4  Winding Up, Discharge, and Release of the Liquidating Trustee.** For the purposes of winding up the affairs of the Liquidating Trust at the conclusion of its term, the Liquidating Trustee shall continue to act as Liquidating Trustee until its duties under this Liquidating Trust Agreement have been fully discharged or its role as Liquidating Trustee is otherwise terminated under this Liquidating Trust Agreement and the Plan. Upon a motion by the Liquidating Trustee, the Bankruptcy Court may enter an order relieving the Liquidating Trustee, its agents and employees of any further duties, discharging, and releasing the Liquidating Trustee and releasing its bond, if any.

### ARTICLE XII
### MISCELLANEOUS PROVISIONS

**12.1  Amendments.** The Liquidating Trustee may, with the approval of a majority of the Members of the Liquidating Trust Committee, modify, supplement, or amend this Agreement in any way that is not inconsistent with the Plan or the Confirmation Order. In the event that a majority (as described above) of the Members of the Liquidating Trust Committee is unable to

reach a consensus regarding a proposed modification, supplement, or amendment, the Liquidating Trustee may seek Bankruptcy Court approval of any such modification, supplement, or amendment.

**12.2    Waiver.**    No failure by the Liquidating Trust, the Liquidating Trustee, or the Liquidating Trust Committee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

**12.3    Cumulative Rights and Remedies.**    The rights and remedies provided in this Liquidating Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

**12.4    No Bond Required.**    Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor Liquidating Trustee) shall be exempt from giving any bond or other security in any jurisdiction other than as provided under Section 3.4 of this Liquidating Trust Agreement.

**12.5    Irrevocability.**    This Liquidating Trust Agreement and the Liquidating Trust created hereunder shall be irrevocable, except as otherwise expressly provided in this Liquidating Trust Agreement.

**12.6    Tax Identification Numbers.**    The Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee its social security number or employer or taxpayer identification number as assigned by the IRS and the Liquidating Trustee may condition any Distribution to any Beneficiary upon the receipt of such identification number.

**12.7    Relationship to the Plan.**    The principal purpose of this Liquidating Trust Agreement is to aid in the implementation of the Plan and, therefore, this Liquidating Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this Liquidating Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order, as applicable, shall control. In the event that any provision of the Plan is found to be inconsistent with a provision of the Confirmation Order, the Confirmation Order shall control.

**12.8    Division of Liquidating Trust.**    Under no circumstances shall the Liquidating Trustee have the right or power to divide the Liquidating Trust unless authorized to do so by the Liquidating Trust Committee and the Bankruptcy Court.

**12.9    Applicable Law.**    This Liquidating Trust shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws.

**12.10    Retention of Jurisdiction.**    Notwithstanding the Effective Date, and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidating Trust after the Effective Date, including, without limitation, jurisdiction to resolve

26

any and all controversies, suits and issues that may arise in connection therewith, including, without limitation, this Liquidating Trust Agreement, or any entity's obligations incurred in connection herewith, including without limitation, any action against the Liquidating Trustee or any Member of the Liquidating Trust Committee or any professional retained by the Liquidating Trustee or the Liquidating Trust Committee, in each case in its capacity as such. Each party to this Liquidating Trust Agreement hereby irrevocably consents to the exclusive jurisdiction and venue of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Liquidating Trust Agreement or of any other agreement or document delivered in connection with this Liquidating Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum *non conveniens* or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret, or construe any provision of this Liquidating Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret or construe any provision of this Liquidating Trust Agreement.

**12.11 Severability.** In the event that any provision of this Liquidating Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court to be invalid or unenforceable to any extent, the remainder of this Liquidating Trust Agreement, or the application of such provision to persons or circumstance, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Liquidating Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

**12.12 Limitation of Benefits.** Except as otherwise specifically provided in this Liquidating Trust Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Liquidating Trust Agreement.

**12.13 Notices.** Except as provided in Section 12.10 of this Liquidating Trust Agreement, all notices, requests, demands, consents, and other communications hereunder shall be in writing and shall be deemed to have been duly given to a person, if delivered in person or by facsimile with an electromagnetic report of delivery or if sent by overnight mail, registered mail, certified mail, or regular mail, with postage prepaid, to the following addresses:

If to the Liquidating Trustee:

[Insert Trustee's Information]

with a copy to:

[Insert Trustee's Counsel's Information]

If to a Beneficiary:

To the name and distribution address set forth in the
Register with respect to such Beneficiary.

The parties may designate in writing from time to time other and additional places to which notices may be sent.

**12.14 Further Assurances.** From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Liquidating Trust Agreement, and to consummate the transactions contemplated hereby.

**12.15 Integration.** This Liquidating Trust Agreement, the Plan, and the Confirmation Order constitute the entire agreement with, by and among the parties thereto, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan and in the Confirmation Order. This Liquidating Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise provided in this Liquidating Trust Agreement, the Plan or Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Liquidating Trust Agreement.

**12.16 Interpretation.** The enumeration and Section headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Liquidating Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Liquidating Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations, and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this Liquidating Trust Agreement as a whole and not to any particular Section or subsection hereof unless the context requires otherwise. Any reference to the "Liquidating Trustee" shall be deemed to include a reference to the "Liquidating Trust" and any reference to the "Liquidating Trust" shall be deemed to include a reference to the "Liquidating Trustee" except for the references in Sections 5.1 and 5.2, and such other provisions in which the context otherwise requires.

**12.17 Counterparts.** This Liquidating Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document. Delivery of an executed counterpart of this Liquidating Trust Agreement by facsimile or email in pdf format shall be equally effective as delivery of a manually executed counterpart.

28

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Liquidating Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

Dated: _____, 2011
        Wilmington, Delaware

HUB HOLDING CORP.

By: _____
Its: _____Chief Restructuring Officer_____

HUB DISTRIBUTING, INC.

By: _____
Its: _____Chief Restructuring Officer_____

HUB DESIGNS, INC.

By: _____
Its: _____Chief Restructuring Officer_____

ONTARIO PURCHASING CORP.

By: _____
Its: _____Chief Restructuring Officer_____

MOST PURCHASING CORP.

By: _____
Its: _____Chief Restructuring Officer_____

KDW RESTRUCTURING & LIQUIDATION SERVICES LLC

By:_____
   Name:
   Title:

# Exhibit A

## Terms of Compensation of Liquidating Trustee

1.)     <u>Compensation</u>.  In consideration for the services of the Liquidating Trustee under this Agreement, the Liquidating Trustee shall receive the following compensation from the Trust Assets: (i) start-up costs not to exceed $10,000; (ii) a monthly fee of $15,000; and (iii) reimbursement of reasonable and necessary expenses, including payment of all fees and expenses of the Liquidating Trustee's attorneys incurred in drafting, reviewing, revising, negotiating, and executing this Agreement, the Plan, Confirmation Order, and any related documents.

2.)     <u>Payment of Monthly Fee, Expenses, and Start-Up Costs; Full Fee for Initial Month</u>.  The Liquidating Trustee's monthly fee, together with payment of any start-up costs and expenses under the above paragraph, shall be payable out of the Trust Assets beginning on the Effective Date and continuing thereafter until the Liquidating Trustee is discharged.  The first monthly fee shall be incurred on March 1, 2011, and monthly fees shall be incurred continuing on the first of each month thereafter through and including the month in which the Liquidating Trustee is discharged.  For the avoidance of doubt, the Liquidating Trustee shall be entitled to payment of its entire monthly fee for March 2011 and for the month in which it is discharged, without prorating.

3.)     <u>Means and Timing of Payment</u>.  The Liquidating Trustee's monthly fee, including all accrued monthly fees, shall be automatically paid in advance by wire transfer or equivalent electronic means in the Liquidating Trustee's discretion on the Effective Date and thereafter on the first day of each month though and including the month in which the Liquidating Trustee is discharged.