# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| **HUB HOLDING CORP., et al.,**[1] | ) Case No. 09-11770 (PJW) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |
|  | ) Re: Docket No. 1351 |

## ORDER CONFIRMING THE FIRST AMENDED JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Hub Holding Corp., Hub Distributing, Inc., Hub Designs, Inc., Ontario Purchasing Corp. and MOST Purchasing Corp. (each, a "Debtor" and collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Creditors' Committee") having filed the *First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*, dated January 6, 2011 [Docket No. 1351] (together with all exhibits attached thereto and the Plan Supplement filed on February 4, 2011 [Docket No. 1380], the "Plan"),[2] attached hereto as Exhibit A; and the United States Bankruptcy Court for the District of Delaware (the "Court") having conducted a hearing to consider confirmation of the Plan on February 16, 2011 (the "Hearing"); and the Court having considered (i) the *Affidavit of Duane R. Wolter in Support of Confirmation of First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 1391], dated February 14, 2011, (ii) the *Declaration of Kurtzman Carson*

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Hub Holding Corp. (4718), Hub Distributing, Inc. (0682), Hub Designs, Inc. (6076), Ontario Purchasing Corp. (6120) and MOST Purchasing Corp. (6052). The Debtors' corporate mailing address is 1304 SW 160th Avenue, Box 145, Sunrise, FL 33326.

[2] All capitalized terms used in this Confirmation Order but not defined herein shall have the meaning ascribed to such terms in the Plan. All capitalized terms used in this Confirmation Order or in the Plan that are not defined in this Confirmation Order or in the Plan shall have the meaning ascribed to such terms in 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as applicable.

*Consultants LLC Regarding Tabulation of Votes in Connection with the First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 1390], dated February 14, 2011, tabulating the results of the balloting, (iii) any exhibits admitted into evidence at the Hearing, (iv) the arguments of counsel presented at the Hearing; and (v) any objections filed with respect to the confirmation of the Plan that were not withdrawn or otherwise resolved prior to or at the Hearing; and the Court being familiar with the Plan and any other relevant factors affecting the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"); and the Court having taken judicial notice of the entire record of the Chapter 11 Cases, including, without limitation, the docket in the Chapter 11 Cases maintained by the clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings, notices and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during these Chapter 11 Cases and the *Order (A) Approving Disclosure Statement; (B) Approving Solicitation and Notice Procedures; (C) Approving Voting and Tabulation Procedures; and (D) Establishing Confirmation Notice and Objection Procedures* [Docket No. 1349], dated January 10, 2011 (the "Voting Procedures Order"); and the Debtors, in accordance with the Voting Procedures Order, having caused to be mailed by U.S. first class mail (i) Solicitation Packages (as such term is defined in the Voting Procedures Order) containing copies of: (a) the Confirmation Hearing Notice, (b) the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing) on a compact disc in PDF format, and (c) an appropriate form of ballot (the "Ballots") and a ballot return envelope, to holders of Claims entitled to vote to accept or reject the Plan in paper format; (ii) a Notice of Non-Voting Status and the Confirmation Hearing Notice to holders of Allowed Accrued Professional

RLF1 3800629v. 3

Compensation Claims, Allowed Administrative Expense Claims and Allowed Priority Tax Claims and holders Claims and Equity Interests in Class 1 (Wachovia Secured Lender Claims), Class 3 (Other Secured Claims), Class 4 (Priority Non-Tax Claims) and Class 6 (Equity Interests); and (iii) Solicitation Packages for other parties entitled to notice in these Chapter 11 Cases, including the Confirmation Hearing Notice and the Disclosure Statement; and the Court having found that this constitutes due and proper notice with respect to the Hearing in accordance with the procedures set forth in the Voting Procedures Order; and after due deliberations and sufficient cause appearing therefor;

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:[3]

1. The record of the Hearing is now closed.

2. The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction to enter a final order with respect thereto.

4. The Debtors and the Creditors' Committee have complied with the Voting Procedures Order. The Plan has been proposed in good faith and not by any means forbidden by law.

5. All persons required to receive notice of the Disclosure Statement, the Plan and the Hearing have received proper, timely and adequate notice in accordance with the

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate. See Bankruptcy Rule 7052 and 9014.

Voting Procedures Order and have had an opportunity to appear and be heard with respect thereto. Such proper notice is due under the Bankruptcy Code and the Bankruptcy Rules.

6. The Debtors and the Creditors' Committee have solicited and tabulated the votes with respect to confirmation of the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Voting Procedures Order, and have met all requirements for confirmation of the Plan.

7. The Plan, subject to any express modifications contained in this Confirmation Order, is hereby APPROVED and CONFIRMED under section 1129 of the Bankruptcy Code, and the relief requested in the Plan, subject to any express modifications contained in this Confirmation Order, is GRANTED. The terms and provisions of the Plan are expressly incorporated into and are an integral part of this Confirmation Order. Each term and provision of the Plan is valid, binding and enforceable as though set forth herein. The failure specifically to include or reference any particular term or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term or provision, it being the intent of the Court that the Plan be confirmed in its entirety. Notwithstanding the foregoing, if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

8. The Plan constitutes a motion to reject all executory contracts and unexpired leases (collectively, the "Executory Contracts") to which any of the Debtors are a party except for any Executory Contract (a) that has been assumed or rejected pursuant to an order of the Court entered prior to the Confirmation Date, or (b) as to which a motion for approval of the assumption of such contract or lease has been filed and served prior to the Confirmation Date. The Court finds that it is the exercise of the Debtors' reasonable business

judgment to reject each of the Executory Contracts. As of the Effective Date, each Executory Contract that has not previously expired or terminated pursuant to its own terms, except for any Executory Contract that was previously assumed or rejected by an order of the Court pursuant to section 365 of the Bankruptcy Code, shall be deemed rejected pursuant to sections 365 and 1123 of the Bankruptcy Code. No Executory Contracts are being assumed by the entry of this Confirmation Order. Any claim resulting from a rejection of an Executory Contract under the Plan must be filed in accordance with Article VII of the Plan within thirty (30) days of the Effective Date. Any such claim not filed within such time period shall be forever barred and shall not be entitled to a distribution or be enforceable against the Debtors, their Estates, the Hub Liquidating Trust, the Liquidating Trustee, their successors, their assigns or any of the aforementioned parties' assets.

9. The Court finds that the Plan satisfies all of the elements required by section 1129 of the Bankruptcy Code. To the extent that any Class was impaired under the Plan and did not vote to accept the Plan, the Court finds that the Debtors have satisfied the "cramdown" requirements of sections 1122, 1123 and 1129(b) of the Bankruptcy Code with respect to such Class.

10. Any objections to confirmation of the Plan that have not been withdrawn prior to the entry of this Confirmation Order are hereby overruled in their entirety, and any withdrawn objections are hereby deemed withdrawn with prejudice.

11. Upon the occurrence of the Effective Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtors, their respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder accepted the Plan.

RLF1 3800629v. 3

12.  The classifications of claims for distributions shall be governed by the Plan and this Confirmation Order.  Classifications set forth in the form of Ballot were solely for voting purposes and do not affect Plan classifications or modify or affect classifications for distributions and thus do not bind the Debtors or the Liquidating Trustee.

13.  Except as otherwise expressly provided in the Plan, on and after the Effective Date, the Plan shall bind all holders of Claims and Equity Interests, whether or not such holders voted to accept or reject the Plan.  Except as expressly set forth herein, on and after the Confirmation Date, subject to the occurrence of the Effective Date, every holder of a Claim or Equity Interest shall be precluded and permanently enjoined from asserting against the (i) Debtors, (ii) the Creditors' Committee and its respective members in their capacities as such, (iii) the Hub Liquidating Trust and Liquidating Trustee and their respective assets and properties, and (iv) the disbursing agent and its assets and properties, any claim based on any document, instrument, judgment, award, order, act, omission, transaction or other activity of any kind or nature that occurred before the Petition Date or between the Petition Date and the Effective Date, in connection with, related to, affecting or arising out of the Debtors, the Debtors' operations, the bankruptcy filing, the Chapter 11 Cases, the administration of the Plan, the sale and liquidation of the Debtors' assets, or the property to be distributed under the Plan, except by reason of their gross negligence or willful misconduct, and in all respects shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

14.  The Release provisions provided for in Article IX.B, Article IX.E and Article IX.F of the Plan are hereby APPROVED.

15.  The Exculpation provisions provided for in Article IX.C of the Plan are hereby APPROVED.

RLF1 3800629v. 3

16.     Upon the Effective Date, all settlements and compromises that are embodied in the Plan, and all settlements and compromises approved by order of the Court during the pendency of the Chapter 11 Cases, are hereby approved as fair, equitable, reasonable and in the best interests of the Debtors and their Estates, creditors and holders of Claims and Equity Interests, and such settlements and compromises shall be, and hereby are, effective and binding on all persons and entities who may have had standing to assert such claims or causes of action.  Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), upon the Effective Date (i) the settlements, compromises, exculpations and injunctions set forth in the Plan and implemented by this Confirmation Order shall be, and hereby are, approved as equitable, reasonable and in the best interests of the Debtors, their creditors and holders of Claims and Equity Interests; (ii) the classification and manner of satisfying all Claims and Equity Interests and the respective distributions and treatments under the Plan take into account and/or conform to the relative priority rights of the Claims and Equity Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto and are proper under section 1122 of the Bankruptcy Code; and (iii) the settlement, compromise and release of any and all such rights pursuant to the Plan are in the best interests of the Debtors, their creditors and the holders of Claims and Equity Interests in these Chapter 11 Cases, and shall be, and hereby are, approved as fair, equitable and reasonable.

17.     In accordance with section 1141 of the Bankruptcy Code and Article IX.G of the Plan, and pursuant to sections 105(a), 1123(a)(5)(B) and 1123(a)(5)(c) of the Bankruptcy Code, effective as of the Effective Date, all of the Debtors' assets and liabilities, including Claims, shall be substantively consolidated.  Accordingly, for purposes of classification, voting and distributions under the Plan, (i) all assets and liabilities, including Claims, of the Debtors

shall be merged and then transferred to and vested in the Hub Liquidating Trust so that all of the assets of all of the Debtors shall be available to pay all of the Allowed Claims of all of the Debtors as if they were one company; (ii) any obligation of any of the Debtors and all guaranties thereof by or enforceable against any of the Debtors and any joint and several liability of the Debtors shall be treated as though they were a single obligation in the amount of the obligation of the primary obligor; (iii) any Claim or Claims filed or to be filed against any of the Debtors in connection with any such obligation and any such guaranties or any such joint and several liability shall be treated as though they were a single Claim in the amount of the Claim against the primary obligor; (iv) all such guaranties of the Debtors shall be deemed eliminated and extinguished; (v) all Claims of any Debtor against any other Debtor shall be cancelled and extinguished; and (vi) no distributions shall be made under the Plan on account of any interests of any of the Debtors in any of the other Debtors.

18.     Each and every Debtor and the Hub Liquidating Trust shall remain responsible for the payment of quarterly fees pursuant to 28 U.S.C. § 1930 to the Office of the United States Trustee until such time as a particular case is closed or dismissed as set forth in Article IX.G.2 of the Plan.

19.     In accordance with section 1142 of the Bankruptcy Code, upon the entry of this Confirmation Order, the Debtors, the Hub Liquidating Trust, and the Liquidating Trustee acting by and through their respective officers and agents, hereby are authorized to take any and all actions necessary or appropriate to implement the Plan, including, without limitation, forming the Hub Liquidating Trust and entering into the Liquidating Trust Agreement (substantially in the form included in the Plan Supplement), without any further order of the Court.

RLF1 3800629v. 3

20.     As set forth in Article IV of the Plan, from and after the Effective Date, the Hub Liquidating Trust and the Liquidating Trustee, subject to any required approval of the Liquidating Trust Committee as set forth in Article IV.A.1 of the Plan and the Liquidating Trust Agreement, may litigate or settle any Causes of Action (other than the Released Avoidance Actions) and Disputed Claims or right to payment or Claims that belong to the Debtors that may be pending on the Effective Date or instituted by the Liquidating Trustee after the Effective Date. Notwithstanding any state or federal law to the contrary or anything herein, the Hub Liquidating Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued, and may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other proceedings brought by or against it, and may settle and compromise all such matters in its own name. Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Hub Liquidating Trust shall be empowered to pursue such Causes of Action, and no other person or entity may pursue such Causes of Action.

21.     Pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security, or the making or delivery of an instrument of transfer of the Plan, shall not be taxed under any law imposing a stamp tax or similar tax. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded are hereby ordered and directed to accept such instrument, without requiring the payment of any stamp tax or similar tax.

22.     In accordance with section 1142 of the Bankruptcy Code, the Debtors, the Hub Liquidating Trust, and the Liquidating Trustee and any other entity designated pursuant to the Plan are hereby authorized, empowered and directed to issue, execute, deliver, file and record

RLF1 3800629v. 3

any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, including, but not limited to, the Liquidating Trust Agreement, and all such entities shall be bound by the terms and provisions of all such documents issued, executed and delivered by them as necessary or appropriate to implement and/or effectuate the transactions contemplated by the Plan.

23. The claims register for these Chapter 11 Cases shall be deemed closed as of the Record Date.

24. The Court finds that formation of the Liquidating Trust is an essential element of the Plan, and entry of the Liquidating Trust Agreement provided in the Plan Supplement is in the reasonable exercise of the Debtors' business judgment. The entry by the Debtors in the Liquidating Trust Agreement is APPROVED and shall not be in conflict with any federal or state law. The appointment of KDW Restructuring & Liquidation Services LLC as Liquidating Trustee is APPROVED.

25. Article I.A.55 of the Plan is hereby modified and revised to state the following:

> "*Liquidating Trust Fund*" means the aggregate of all of the assets remaining in the Estates on the Effective Date including, without limitation, (a) the Available Cash; (b) the Causes of Action, and the proceeds thereof; and (c) any Cash remaining in the Professional Expense Escrow Account following the payment of all Allowed Accrued Professional Compensation.

26. Notwithstanding anything in the Plan to the contrary (including, without limitation, anything in Article IV.A of the Plan), the Liquidating Trust Committee shall be comprised of no fewer than three (3) members, but may consist of more than three (3) members.

27. On the Effective Date, the Hub Liquidating Trust shall be transferred and vested with the Liquidating Trust Fund, including all Cash and all of the assets remaining in the

Estates on the Effective Date, including, without limitation, the right to prosecute, settle, withdraw or resolve the Causes of Action (other than the Released Avoidance Actions) in any manner approved by the Court. The Liquidating Trust Fund shall be transferred to and vest in the Hub Liquidating Trust free and clear of all rights, claims, liens, interests, and other encumbrances, and shall be administered in accordance with the Plan.

28.     Pursuant to Article IV.C of the Plan and the Liquidating Trust Agreement, the Liquidating Trustee can retain and pay professionals (including any of the Debtors' or the Creditors' Committee's professionals) or other persons on behalf of the Hub Liquidating Trust to assist the Liquidating Trustee in the liquidation of the Liquidating Trust Fund on behalf of the Hub Liquidating Trust, without prior Court approval, and to designate another person to be the disbursing agent. The Court retains jurisdiction to adjudicate any dispute concerning the payment of any fees or expenses by the Hub Liquidating Trust.

29.     The Court retains jurisdiction over the Debtors, their Estates and the Plan to the fullest extent permitted by applicable law and Article X of the Plan.

30.     The reasonable and necessary professional fees and expenses incurred by the Debtors, the Liquidating Trustee on behalf of the Hub Liquidating Trust and the Creditors' Committee from and after the Effective Date in connection with the consummation and implementation of the Plan (including the reasonable and necessary fees and expenses of the Debtors and the Creditors' Committee with respect to the preparation and prosecution of final fee applications as contemplated by Article XI.A of the Plan) shall be paid by the Hub Liquidating Trust in the ordinary course of business without further order of the Court; provided, however, that the Court shall retain jurisdiction over all such parties in the event of any dispute over the amount of such fees and expenses.

RLF1 3800629v. 3

31.     In addition to the rights and duties of the Liquidating Trustee enumerated in the Plan and the Liquidating Trust Agreement, the Liquidating Trustee shall have the right to move the Court for the entry of examination orders under Bankruptcy Rule 2004 on behalf of the HUB Liquidating Trust and/or the Estates as deemed necessary by the Liquidating Trustee, and the Court specifically retains jurisdiction to consider and determine any such motion. The form of the Liquidating Trust Agreement, as the same may be subsequently amended or modified in accordance with its terms, is APPROVED   The Liquidating Trust Agreement is legal, valid, binding, enforceable and authorized in accordance with its terms, and the Hub Liquidating Trust and the Liquidating Trustee shall have all of the rights and powers set forth in that agreements.

32.     All of the modifications to the Plan contained in this Confirmation Order are non-material and are consistent with sections 1122, 1123 and 1127(a) of the Bankruptcy Code. Pursuant to Bankruptcy Rule 3019, this Court finds that the modifications to the Plan contained in this Confirmation Order do not adversely change the treatment of the Claim of any creditor or the interest of any interest holder who has not accepted the Plan in writing, and such modifications are hereby deemed accepted by all creditors and interest holders who have previously accepted the Plan.

33.     After the entry of this Confirmation Order and prior to "substantial consummation" (as such term is defined in section 1101(2) of the Bankruptcy Code) of the Plan, any Debtor, the Hub Liquidating Trust or the Liquidating Trustee may institute proceedings in the Court pursuant to section 1127(b) of the Bankruptcy Code to remedy any effect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or this Confirmation Order, and such matters as may be necessary to carry out the purposes and the effects of the Plan,

RLF1 3800629v. 3

by the filing of a motion on notice to the Bankruptcy Rule 2002 service list only, and the solicitation of all creditors and other parties-in-interest shall not be required.

34. Nothing in the Plan or this Confirmation Order is intended to modify or violate 28 U.S.C. § 157(d).

35. Substantial consummation of the Plan shall be deemed to occur on the Effective Date. Further, Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Debtors are authorized to consummate the Plan immediately upon entry of this Confirmation Order.

36. The reversal, vacatur or modification of this Confirmation Order shall not affect the validity of the acts or obligations incurred or undertaken in connection with the Plan or this Confirmation Order prior to the entry of such order reversing, vacating or modifying this Confirmation Order. Any act or obligation undertaken or incurred prior to a vacatur or modification of this Confirmation Order shall be governed by the Plan and this Confirmation Order.

37. This Confirmation Order is a final order, and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated: February 16, 2011
       Wilmington, Delaware

                                  THE HONORABLE PETER J. WALSH
                                  UNITED STATES BANKRUPTCY JUDGE

RLF1 3800629v. 3